UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN ENG, | ) | |
| Plaintiff, | ) ) | No. C09-5908 (BZ) |
| v. | ) ) | **ORDER DENYING MOTION TO REMAND CASE TO STATE COURT** |
| UNITED COMMERCIAL BANK, et al, | ) ) | |
| Defendant(s). | ) ) ) | |

Plaintiff and cross-defendant Martin Eng ("Eng") seeks remand to state court of this action against defendant and cross-complainant Federal Deposit Insurance Corporation ("FDIC"), as receiver for United Commercial Bank. Since the jurisdictional provisions of the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA") confer upon the FDIC a right to litigate in federal court, and the FDIC's removal of the case from state court was timely, **IT IS ORDERED** that Eng's motion to remand this case to state court is **DENIED**.

Eng brought two actions, which were consolidated, against United Commercial Bank in state court for among other claims,

1

fraud, breach of contract, and intentional infliction of emotional distress. United Commercial Bank cross complained for breach of contract and common counts. On December 8, 2009, the state court ordered that the FDIC, receiver for United Commercial Bank, be substituted as defendant and cross-complainant. On December 17, 2009, the FDIC removed the action to this Court.

The FIRREA, which describes the powers of the FDIC, provides that "all suits of a civil nature . . . to which the Corporation . . . is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). The Act further provides that "the Corporation may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date . . . the Corporation is substituted as a party." 12 U.S.C. § 1819(b)(2)(B).

Furthermore, the jurisdictional provisions of the FIRREA confer upon the FDIC a right to litigate cases in federal court. Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 731-32 (9th Cir. 1991). In Kirkbride, the Ninth Circuit reversed the district court's order remanding to state court a case against the FDIC as receiver for an insolvent savings and loan association, holding that the district court "erred by failing to exercise its jurisdiction." Id. at 735. The Ninth Circuit explained that "the grant of subject matter jurisdiction contained in FDIC's removal statute evidences 'Congress' desire that cases involving FDIC should generally be heard and decided by the federal courts.'" Id. at 731-32 (citing FDIC

v. Nichols, 885 F.2d 633, 636 (9th Cir. 1989)).

Here, the FDIC is receiver for United Commercial Bank and a party to this action, and thus the jurisdictional provisions of the FIRREA apply. Eng does not deny that the FDIC timely removed this case. Therefore, the removal is proper and the Court has subject matter jurisdiction.

Eng's contention that this case should be remanded to state court because it solely implicates state law fails to address the jurisdictional provisions of the FIRREA. Not only does Eng cite no authority for the proposition that state law claims against the FDIC belong in state court, that would be contrary to the unequivocal congressional intent to confer upon the FDIC the right to litigate in federal court.[1]

Therefore, **IT IS ORDERED** that Eng's motion to remand this case to the state court is **DENIED**.

Dated: March 4, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ENG V. UNITED COMMERCIAL\REMAND ORD.wpd

---

[1] Eng did not argue that any exception specified in section 1819(b)(2)(D) applies, and the Court is unaware of any case law holding that the FDIC, as receiver of United Commercial Bank falls under any exception.

3