UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA


MARTIN ENG,                    )
                               )
          Plaintiff(s),        )    No. C09-5908 BZ
                               )
     v.                        )    **ORDER GRANTING DEFENDANT'S**
                               )    **MOTION FOR SUMMARY JUDGMENT**
UNITED COMMERCIAL BANK, et     )
al,                            )
                               )
          Defendant(s).        )
                               )
_____)

     Defendant Federal Deposit Insurance Company ("FDIC")
moved for summary judgment on the complaints of plaintiff
Martin Eng ("Eng") and its cross-complaint against Eng.  For
the following reasons, the motion is **GRANTED**.
     Eng brought two actions, which were consolidated, against
United Commercial Bank ("United") for among other claims,
fraud, breach of contract, and intentional infliction of
emotional distress.[1]  Doc. No. 1.  Eng alleges that United

---

     [1] Unless otherwise indicated, all facts are drawn from
the FDIC's declarations.  Doc. No. 41.  Plaintiff did not
submit any competent evidence in his opposition to the motion
for summary judgment.  Neither party explained why a joint

                                1

fraudulently induced him to refinance a piece of property which ultimately led to foreclosure. United cross-complained for breach of contract and common counts. Doc. No. 5-51. In 2007, United extended to Eng a written line of unsecured credit ("EZ line") for $50,000. Cavestany Decl. ¶ 6. Eng agreed to repay United for any amounts drawn on the line of credit pursuant to the terms of the agreement. Eng drew down the entire balance of the EZ line. Id. at 11-15. In 2008, United extended Eng another line of credit ("Microline") for $50,000, which Eng also drew down. Id. On November 6, 2009 the FDIC was appointed by the California Department of Financial Institutions as receiver for United. Id. ¶ 3 The FDIC acquired both the EZ line and the Microline. Id. ¶ 25.

The FDIC moves for summary judgment on Eng's complaints for failure to file an administrative claim as required under the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA") and 12 U.S.C. § 1821. Under § 1821 (d)(13)(D):

> (D) Limitation on judicial review
>
> > Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> >
> > > (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> > >
> > > (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

---

statement of undisputed facts as required by the Court's pretrial order was not submitted. Doc. No. 42.

The FDIC established that Eng did not file an administrative Proof of Claim by February 11, 2010, the deadline designated by the FDIC. Mallory Decl. ¶ 12. Compliance with the FIRREA's exhaustion requirements is mandatory for claims filed before and after the receiver is appointed. <u>Intercontinental Travel Marketing v. FDIC</u>, 45 F.3d 1278, 1283 (9th Cir. 1994).

In his opposition, Eng raises several arguments that do not address the failure to file a Proof of Claim. For that reason alone, summary judgment must be granted on Eng's complaint. At oral argument, Eng stated that he did not believe he had to file a Proof of Claim but did not provide any authority for that proposition.

In his papers, Eng first argues that summary judgment is premature and requests additional discovery under Rule 56(f). "A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." <u>Mackey v. Pioneer Nat. Bank</u>, 867 F.2d 520, 524 (9th Cir. 1989)(internal citations omitted). Eng does not explain how additional discovery would likely have an effect on the Proof of Claim issue. Nor can the Court conceive how additional discovery would help Eng defeat the FDIC's motion. When asked at oral argument what additional discovery Eng needed, he was unable to articulate any discovery that would bear on the issues presented by the summary judgment motion.

Eng next argues essentially that it would be unfair to

3

grant the FDIC's motion on his claims because that would amount to an unconstitutional taking.  Eng misunderstands the process that the FIRREA has in place.  As receiver for a failed institution such as United, the FDIC must determine which claims against United will be allowed or disallowed.  Mallory Decl. Ex. A.  The FDIC has a consolidated process whereby it requires all claimants to file a Proof of Claim Form along with supporting documentation by a certain date.  This allows the receiver to make an initial determination on the claim.  If the receiver disallows the claim, the claimant has either 60 or 180 days to file suit on the claim.  Failure to file a Proof of Claim results in a final disallowance of a claim.

Here, Eng did not file a Proof of Claim, despite being notified of this requirement by letter dated January 26, 2010.  The final dismissal of Eng's claims is not an unlawful taking.  Rather, it is the consequence of Eng's failure to follow a statutorily proscribed procedure for the efficient administration of claims against failed institutions.  Eng failed to follow the law and the instructions that the FDIC provided.  Therefore, the FDIC's motion for summary judgment on Eng's complaint is **GRANTED**.

The FDIC also moves for summary judgment on its counterclaims under the EZ line and Microline lines credit agreements.  Eng did not address this portion of the motion at all.  The FDIC established that Eng borrowed nearly the full limit on both lines of credit and is now currently in default on both.  Both loans were fully due on October 1, 2008.

Defendant has not paid the money owed under the lines of credit.  Therefore, the FDIC's motion for summary judgment on its counterclaims is **GRANTED**.

Dated: June 4, 2010

                                          Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-BZCASES\ENG V. UNITED COMMERCIAL\MSJ ORD.wpd